### John E. MILLER
### v.
### UNITED STATES STEEL CORPORATION, Appellant.

### No. 13752.

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1962.

Decided March 8, 1962.

Ira R. Hill, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

John E. Evans, Jr., Pittsburgh, Pa. (Evans, Ivory & Evans, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and GANEY, Circuit Judges.

PER CURIAM.

The plaintiff, an experienced structural steel worker, recovered a judgment for severe injuries sustained in an accident which occurred while he was working upon an addition to the Bayshore Power House of the Toledo Edison Company at Toledo, Ohio. The action thus becomes one determined by Ohio law, but so far as this case is concerned no departure from the general rules of tort law has been found. The plaintiff was employed by a contractor whose business was to remove the siding of the building to which the new wing was to be added. The United States Steel Corporation (American Bridge Division) was another contractor working on the same premises and its business was to erect the steel work. Both plaintiff's company and the United States Steel Corporation were engaged in work upon Toledo Edison's property under contract with that company. The employees of each contractor were about the premises, not working together but each doing his part of the undertaking.

Plaintiff stepped on a girder which he says was left upright, a sign which, in his trade, means that it was in fit shape to be stepped upon. His claim is that the girder was insecurely fastened and turned over as he was walking upon it, causing him to fall eighty-seven feet. It is apparent that both the defendant and the plaintiff were properly on the premises and that each owed to the other the duty of reasonable care. The case was properly submitted to the jury under competent instructions on this issue.

Defendant claims the plaintiff was guilty of contributory negligence in walking upon this beam as he did. But the plaintiff's testimony was that he, as an experienced and expert steel worker, was following the practice generally—perhaps universally—followed in his trade. This was appropriately considered by the jury, which found in his favor.

The case is peculiarly one suitable for jury consideration. The issues of fact were brought to the jury's attention by a very competent and experienced trial judge.

The judgment of the district court will be affirmed.